[No. 2773.]

GEORGE PETERSON v. THE STATE.

ASSAULT WITH INTENT TO RAPE—FACT CASE.—See evidence held insufficient to establish an assault with intent to commit rape.

APPEAL from the District Court of Tom Green.  Tried below before the Hon. J. C. Townes.

The indictment charged the appellant with an assault with intent to rape Antonia Carrion, in Tom Green county, on or about the third day of November, 1882.  A term of seven years in the penitentiary was the punishment assessed by a verdict of guilty.

Antonia Carrion was the first witness for the State.  She testified that on the night of November 3, 1882, between eight and ten o'clock, she was in her house in San Angela, Tom Green

county, Texas. The door was closed, but was unlocked, and a candle was burning in the room. The witness had just put her little boy to bed, but had not retired herself, when the defendant opened and walked in the door, and caught her by the throat and choked her, and struck her in the left eye. The witness screamed, and her little boy jumped out of bed and ran out of the house and screamed, and the defendant ran off.

Cross-examined, the witness stated that she did not know that the defendant had any wounds on his person, nor that he had one of his thumbs tied up the night he assaulted her. The nearest house to the witness's house was a school house, and that was but a short distance off. A show was in progress, attended by a great many people, at the time of the assault.

Jose Carrion, the husband of the first witness, testified, for the State, that he was not at home on the night of the assault. When he returned home next morning, his wife, Antonia Carrion, informed him of the assault, and so described the assailant that witness knew him to be the defendant. Witness had another man than the defendant arrested for this offense, but his wife declared that he was not the guilty party, and he was released.

Isaac Frederich, for the State, testified that he saw Antonia Carrion after the offense is alleged to have been committed. Her left eye was bruised and blackened, and her throat had scratches and abrasions on it.

The motion for new trial denounced the verdict as contrary to the law and evidence.

No brief for the appellant has reached the Reporters.

*J. H. Burts,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. Appellant was tried for and convicted of an assault with intent to commit rape. Whilst the evidence before us shows a most wanton, unprovoked and outrageous assault upon the part of appellant, unexplained by any apparent motive, yet it fails to convince us that the motive and intent was to commit a rape. This may have been his intention, but his conduct is not inexplicable upon other hypotheses.

If a party is only held to intend the natural and probable consequences of his acts, then the acts in this instance only establish a case of aggravated assault and battery; for the injured

female says that whilst he choked and struck her, he "did not try to throw me down, nor did he try to pull up my clothing." Nor does she say defendant said anything during the transaction which would throw any additional light upon his intent. That defendant should be punished, and punished severely, if the testimony be true, no one will gainsay; but he should not be punished for an offense which he has not committed.

The evidence is too uncertain and unsatisfactory to warrant us in permitting this conviction for an assault with intent to rape to stand as a precedent, and the judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered May 5, 1883.